IGNACIA S. MORENO
Assistant Attorney General
JEAN E. WILLIAMS, Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief
RICKEY D. TURNER, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0229 (tel)
(202) 305-0275 (fax)

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH SALAZAR, in his official capacity as Secretary of Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, ROWAN GOULD, in his official capacity as Acting Director of the U.S. Fish & Wildlife Service, and the UNITED STATES FISH & WILDLIFE SERVICE, <br><br> Defendants. | CASE NO. 3:09-CV-1658-SC <br><br> **STIPULATED SETTLEMENT AND [PROPOSED] ORDER** |

Plaintiff Natural Resources Defense Council and Defendants Kenneth Salazar, in his official capacity as Secretary of Interior; the United States Department of the Interior; Rowan Gould, in his official capacity as Acting Director of the U.S. Fish & Wildlife Service; and the United States Fish & Wildlife Service ("Service"), by and through their undersigned counsel, state as follows:

WHEREAS, the Service listed the tidewater goby, a small fish that inhabits brackish waters along the coast of California, as an endangered species under the Endangered Species Act ("ESA") on March 7, 1994.  59 Fed. Reg. 5494 (1994).

WHEREAS, the Service subsequently designated critical habitat for the tidewater goby on November 20, 2000.  65 Fed. Reg. 69,693 (2000).

WHEREAS, on January 31, 2008, the Service issued a revised critical habitat designation and designated approximately 10,003 acres of critical habitat for the tidewater goby.  73 Fed. Reg. 5920 (2008).

WHEREAS, on April 15, 2009, Plaintiff filed a complaint for declaratory and injunctive relief alleging the Service's revised critical habitat designation to be arbitrary, capricious, and contrary to the ESA and Administrative Procedure Act ("APA").

WHEREAS, Plaintiff and the Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the dispute.

WHEREAS, Plaintiff and the Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.     The Service agrees to a voluntary remand of the 2008 final critical habitat rule and agrees to submit to the Federal Register a new proposed critical

habitat designation for the tidewater goby on or before October 7, 2011. The Service shall submit to the Federal Register a final determination on the proposed rule for the tidewater goby on or before November 27, 2012. During the pendency of the voluntary remand and until the effective date of the new final critical habitat determination, the 2008 designation of critical habitat for the tidewater goby shall remain in place and be effective.

2. In consideration of the Defendants' agreement to reconsider its final critical habitat rule and to meet the deadlines outlined above, Plaintiff agrees to dismiss the present action with prejudice. Notwithstanding the dismissal of this action, the parties respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 prior to the passing of the deadline, for good cause shown, consistent with the Federal Rules of Civil Procedure, by using the procedures specified in Paragraph 4.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, the party seeking the modification or raising the dispute shall provide the other party with written notice of the claim. The parties agree that they will meet and confer, either in person or otherwise, at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court. In the event that

Defendants fail to meet a deadline and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this agreement.  Plaintiff's first motion to enforce the terms of the agreement shall not include a request for contempt sanctions.  Plaintiff may, however, file a motion seeking contempt sanctions if Defendants fail to comply with any subsequent Court order.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 or in any other proceeding regarding the Service's implementation of the ESA.

6. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $42,000.00.  A check will be made payable in that amount to Natural Resources Defense Council, Inc., 40 West 20th Street, 11th Floor, New York, NY 10011-4231.

7. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

8. Plaintiff agrees to accept payment of $42,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.  Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9. Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against

efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.  Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein other than as set forth in paragraph 1, or as to the substance of any final determination.

11.  Nothing in this agreement shall be interpreted as, or shall constitute, a requirement that Defendants obligate to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 USC 1341, or any other applicable appropriations law.

12.  The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement the parties do not waive any claim or defense.

13.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14.  The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15.  Upon approval of this Agreement by the Court, all counts of Plaintiff's

1  Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil
2  Procedure 41(a)(1).
3       Respectfully submitted this 10th day of December, 2009.

MICHAEL WALL (CA Bar No. 170238)
Natural Resources Defense Council
111 Sutter Street 20th Floor
San Francisco, CA 94104-4540
Tel: 415.875.6162; Fax:  415.875.6100
mwall@nrdc.org

/s/ Rebecca J. Riley (by RDT)
REBECCA J. RILEY,
admission pro hac vice
Natural Resources Defense Council
2 N. Riverside Plaza, Suite 2250
Chicago, IL  60606
Tel: 312.651.7913; Fax: 312.651.7919
rriley@nrdc.org

Attorney for Plaintiffs

JOHN C. CRUDEN
Acting Assistant Attorney General
JEAN E. WILLIAMS, Chief
KRISTEN L. GUSTAFSON,
Assistant Section Chief
/s/  Rickey D. Turner Jr.
RICKEY D. TURNER JR.
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229

Attorneys for Defendants

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Samuel Conti / 12/11/09]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | CASE NO. 3:09-CV-1658-SC |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER** |
| KENNETH SALAZAR, in his official capacity as Secretary of Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, ROWAN GOULD, in his official capacity as Acting Director of the U.S. Fish & Wildlife Service, and the UNITED STATES FISH & WILDLIFE SERVICE, | |
| Defendants. | |

It is ordered that the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court.

Dated: this_____day of_____, 2009.

_____
Senior Judge Samuel Conti

[Proposed] Order                                                                3:09-CV-1658-SC